## BRANCH v. SMITH. (No. 858.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1922. Rehearing Denied Dec. 20, 1922.)

**1. Judgment** ⊗⇒256(5)—**For plaintiff not supported by verdict for defendant.**

In action for the balance due on a plumbing contract, where defendant pleaded payment of $350, which overpaid plaintiff in the sum of $54, a finding by the jury that the value of the plumbing job was $200 was for less than the amount paid by defendant, and did not support a judgment for plaintiff.

**2. Judgment** ⊗⇒252(3)—**Refusing judgment for defendant for relief not prayed for not error.**

In action for balance due on a plumbing contract, where defendant pleaded payment of $350, and the jury found that the fair value of the job was $200, it was not error to refuse judgment for defendant for the excess, where defendant had prayed for no such relief.

**3. Appeal and error** ⊗⇒1159—**Fundamental error ground for reversal.**

Where, from statements in the briefs, it appears that the finding of the jury in answer to an issue cannot be sustained by the pleadings or the facts, the cause will be reversed and remanded on an issue of fundamental error, though appellant does not sustain his appeal.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by J. C. Smith against K. P. Branch. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Harris & Harris, of Nacogdoches, for appellant.

V. E. Middlebrook, of Nacogdoches, for appellee.

WALKER, J. This was a suit by appellee against appellant for $214, which he alleged was the balance due on a plumbing contract. For cause of action, he alleged:

"Plaintiff complains of the defendant and says that heretofore, on, to wit, about the 1st day of May, 1919, he begun a plumbing and furnishing job for the defendant, and in so doing furnished pipes, fittings, fixtures, lavatories, bath tubs, soil pipe, and such material as is usually used in a plumbing job, and also furnished and performed the necessary plumbing labor and mechanics to do the job of installing and putting into operation the plumbing job, including bath tubs, lavatories, commodes, and such fixtures and furnishings as usually go with a plumbing job for a residence, and he did the same and furnished the same for said K. P. Branch's residence in the city of Nacogdoches, amounting to a total sum of $564.12, and defendant has been furnished a complete itemized account for the labor and the material used on said job, and an itemized account is filed herewith marked Exhibit A for identification and made a part of this petition."

Appellant answered, alleging that appellee agreed to do certain work for him at an agreed price of $380; that after the contract was made, by agreement certain items, amounting to $84, were eliminated; that he had paid appellee on the work $350, thus overpaying him the sum of $54, for which he prayed. The case was submitted to the jury on special issues, and on their answers to issues Nos. 1 and 2, which were as follows:

"Issue No. 1. Did plaintiff, J. C. Smith, agree with K. P. Branch, defendant, to do the plumbing job in the residence of K. P. Branch for the agreed price of $380? You will answer this issue 'Yes' or 'No.'"
Answer: "No."
"In the event you should answer special issue No. 1 'No,' then you will answer the following issue:
"Special Issue No. 2. What is the reasonable and fair value of the material furnished and labor performed by plaintiff in installing the plumbing job in K. P. Branch's residence? Answer in $————."
Answer: "$200."

Judgment was rendered by the court for appellee on his motion, for $200. Appellant's motion to enter judgment in his behalf on the verdict was denied. By proper assignments and propositions thereunder, appellant complains of these rulings, making a full statement from the record in support of his position.

### Opinion.

[1] Issue No. 2 was not ambiguous, but was the direct issue raised by appellee's pleadings, as copied above. He alleged that he had done certain work and furnished certain material of the total value of $564.12, on which he had been paid $350. The itemized statement attached to his petition set out the different items making this total sum. The reasonable and fair value of the material furnished and labor performed was clearly submitted to the jury in this issue. The amount paid by appellant was not in issue, as both parties agreed and admitted that it was $350. Appellee's measure of recovery, if any, was the difference between the value of the items thus submitted to the jury and the amount paid. As the issue was clear and unambiguous, so was the jury's verdict. They answer that the reasonable and fair value of "the material furnished and labor performed" was $200. There is nothing to construe. The jury simply found that the value of the "plumbing job" was less than what appellant had already paid. A judgment for the appellee on this finding was clearly a judgment non obstante veredicto, and hence has no support in the jury's verdict. First Texas State Ins. Co. v. Burwick (Tex. Civ. App.) 193 S. W. 165.

[2] But the court did not err in refusing to enter judgment in appellant's favor for the excess—that is, the difference between the $350 paid and the $200 as found by the jury—because appellant prayed for no such relief, nor could judgment have been entered for appellant on this verdict for the $54 excess alleged by him. The prayer for this relief was based on an allegation that appellee agreed to do the work for $380, which issue, being submitted to the jury, was answered against him.

[3] On this verdict of the jury we cannot here enter judgment in appellant's favor that he go hence without day, for it clearly appears from appellant's brief that the verdict of the jury is wholly without support, both in the pleadings and under the facts. No issue was made by appellant that would have reduced appellee's work and material to $200. On the statements made in their briefs, it appears beyond question that the finding of the jury in answer to issue No. 2 cannot be sustained. Hence we reverse and remand this cause on an issue of fundamental error. Wilson v. Armstrong (Tex. Civ. App.) 236 S. W. 755.

Reversed and remanded.